```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:07CV88-MU-02
```

| | |
|---|---|
| WILLIAM DUNCAN,           )<br>     Plaintiff,          )<br>                           )<br>     v.                    )<br>                           )<br>H.L. JACKSON, Administrator at)<br>  The Brown Creek Correction- )<br>  tional Institution, et. al.,)<br>     Defendants,          )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider Order, filed March 8, 2007 (document #4); on his three Motions for a Pretrial Conference, filed July 3, 2007, September 16, 2008 and December 3, 2008 (document # # 15, 21 and 27); on Defendants' Motion for a Protective Order, filed August 10, 2007 (document # 16); on Plaintiff's Motion to Compel Discovery, filed November 20, 2007 (document # 19); on Plaintiff's two Motions for a Speedy Trial, filed June 3, 2008 and November 18, 2008 (document ## 20 and 26); and on Defendants' Motion for Summary Judgment, filed November 17, 2008 (document # 23).

On February 21, 2007, Plaintiff filed the instant Complaint alleging that Defendants were deliberately indifferent to his need for certain clothing and linen; steel-toed safety boots; that he was subjected to an equal protection violation by

Defendants' denial of his request for steel-toed safety boots; and that he was transferred to another prison in retaliation for his grieving the denial of his requests for the boots and long johns.  On May 3, 2007, the Clerk of Court's Order (document # 10) directing that payments be withdrawn from Plaintiff's account was entered notwithstanding Plaintiff's payment of the filing fee.  Nevertheless, because this Court already has granted Plaintiff's Motion to Vacate the Order for payments, Plaintiff's Motion for Reconsideration of the Order directing payments (document # 4) will be <u>dismissed</u> as moot.

As for Plaintiff's Motions for a Pretrial Conference (document ## 15, 21 and 27), the Court finds, at least at this point, that no such conference is necessary.  Therefore, those Motions will be <u>denied</u>.

Concerning Plaintiff's Motions for a Speedy Trial (document ## 20 and 26), the Court notes there simply is no Speedy Trial requirements for civil litigation.  Furthermore, it is far from clear that Plaintiff's case even will require a trial.  Therefore, these motions also will be <u>denied</u>.

Regarding Plaintiff's Motion to Compel Discovery (document # 19) seeking an Order directing Defendants to respond to his Request for Admissions, such Request asks Defendants Heaton, Bailey, Semones, Poston, Riggins and Murray to admit various matters relating to their denial of his requests for boots and

long johns, to certain weather-related matters, and to various Prison policy requirements. However, as Defendants properly explain in their Motion for a Protective Order (document # 16), at least one of the Defendants has asserted the defense of qualified immunity. Moreover, this Court's review of Defendants' Motion for Summary Judgment -- which attacks the sufficiency of Plaintiff's claims -- reflects that this action may be subject to summary dismissal, ultimately for Plaintiff's failure to state a constitutional claim for relief. Thus, the Court finds that Plaintiff's Motion to Compel discovery should be <u>denied</u> and Defendants' Motion for Protective Order should be <u>granted</u>.

Finally, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding <u>pro se</u>, of the heavy burden that he carries in responding to Defendants' Motion. Indeed, Federal Rule of Civil Procedure 56(e)(2) reads in pertinent part as follows:

> When a motion for summary judgment is properly made and supported [by affidavits], an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which

otherwise would be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or unsworn statements must be presented by Plaintiff to this Court within thirty (30) days of the entry of this Order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion to Reconsider Order, filed March 8, 2007 (document #4) is **DISMISSED** as moot;

2. Plaintiff's three Motions for a Pretrial Conference, filed July 3, 2007, September 16, 2008 and December 3, 2008 (document # # 15, 21 and 27) are **DENIED**;

3. Defendants' Motion for a Protective Order, filed August 10, 2007 (document # 16) is **GRANTED**;

4. Plaintiff's Motion to Compel Discovery, filed November 20, 2007 (document # 19) is **DENIED**;

5. Plaintiff's two Motions for a Speedy Trial, filed June 3, 2008 and November 18, 2008 (document ## 20 and 26) are **DENIED**; and

6. Within thirty (30) days of the entry of this Order, Plaintiff shall file a response to Defendants' Motion for Summary Judgment as explained herein.

**SO ORDERED.**

Signed: October 7, 2009

Graham C. Mullen
United States District Judge