```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:07CV88-MU-02
```

WILLIAM DUNCAN,                )
    Plaintiff,              )
                               )
    v.                      )          **O R D E R**
                               )
H.L. JACKSON, Administrator at)
  The Brown Creek Correction- )
  tional Institution, et. al.,)
    Defendants,             )
_____)

    **THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 21, 2007 (document # 1); and on Defendants' Motion for Summary Judgment, filed November 17, 2008 (document # 23). For the reasons stated herein, and for the further reasons stated in Defendant's Memorandum in support of their Motion for Summary Judgment, this matter will be <u>denied</u> and <u>dismissed</u> in part, and <u>dismissed</u> without prejudice in part.

    Plaintiff's Complaint alleges that Defendants were deliberately indifferent to his need for certain clothing, including steel-toed safety boots and for certain linen; that he was subjected to an equal protection violation by Defendants' denial of his request for steel-toed safety boots; and that he was transferred to another prison in retaliation for his grieving the denial of his requests for the boots and long underwear.

On June 1, 2007, Defendants filed an Answer denying the material allegations of Plaintiff's Complaint (document # 13). Thereafter, on November 17, 2008, Defendants filed their Motion for Summary Judgment (document # 23) asserting that there are no genuine issues of material fact, and that they are entitled to a judgment as a matter of law.

After reviewing that Motion along with Defendants supporting Memorandum, on October 7, 2009, the Court entered an Order (document # 30), in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that it appeared that Defendants were entitled to a judgment as a matter of law. The Order further directed Plaintiff to file a response within thirty days of the entry of that Order, that is, by November 7, 2009. The Court has reviewed its record and discovered that Plaintiff has not filed any response to the Motion for Summary Judgment or to the Court's Order of October 7, 2009. Indeed, Plaintiff has not filed any document in this case since December 3, 2008.

In any event, upon careful review of Defendants' Motion for Summary Judgment, the Court finds that such Motion should be granted. As the Court advised Plaintiff, Defendants essentially attack the sufficiency of his claims, contending that the allegations of deliberate indifference concerning the denial of steel-toed boots, long underwear and an extra blanket are merely complaints about discomfort and do not rise to the level of

stating a claim for a constitutional violation. See <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

Defendants also contend that Plaintiff's claim of an equal protection violation likewise is subject to dismissal because he never exhausted that allegation in any of his grievances. Furthermore, Defendants contend that such an allegation that others were given steel-toed boots, without more, is too trivial to state a constitutional claim for relief in any event.

Last, Defendants argue that Plaintiff's claim of a retaliatory transfer is not supported by allegations to establish a causal connection between his grievances and the transfer. In fact, Defendants have submitted affidavits from various prison employees which documents tend to establish that an investigation into Plaintiff's allegation failed to reveal any retaliatory motive.

Defendants arguments are persuasive in that they tend to show that Plaintiff is not entitled to any relief on his claims. Notwithstanding that fact, however, Plaintiff has chosen not to respond to those matters. In sum, therefore, Plaintiff has failed to meet his burden of establishing that there are genuine issues of material fact to be resolved by the Court and Defendants are not entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly, Defendants' Motion will be <u>granted</u> as hereafter explained.

**NOW, THEREFORE, IT IS ORDERED THAT** Defendants' Motion for Summary Judgment (document # 23) is **GRANTED** in that Plaintiff's allegations of deliberate indifference and retaliatory transfer (claims one and three) are **DENIED and DISMISSED with prejudice,** and Plaintiff's second claim of an equal protection violation is **DISMISSED without prejudice** to Plaintiff's right to exhaust that allegation and proceed accordingly.

**SO ORDERED.**

Signed: January 21, 2010

Graham C. Mullen
United States District Judge